IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01712-BNB

MARQUIS A. SCOTT,

   Plaintiff,

v.

CITY LIBRARIAN, Denver Public Library,

   Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 25 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER TO SHOW CAUSE

Plaintiff, Marquis A. Scott, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Scott has filed *pro se* a Prisoner Complaint. The court must construe the complaint liberally because Mr. Scott is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Scott will be ordered to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction.

Mr. Scott asserts one claim for relief in the complaint. That claim is labeled "Theft of negotiable instruments." Mr. Scott alleges in support of the theft claim that he mailed a package to Defendant that included a blank compact disk, a request for certain documents, and a money order. Mr. Scott further alleges that Defendant has

not provided the requested documents and apparently has not responded to the package Mr. Scott sent. Mr. Scott asserts jurisdiction over his theft claim pursuant to three Colorado state statutes.

Pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss an action if the court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F. 2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

The Colorado statutes cited by Mr. Scott do not provide this court with jurisdiction over the theft claim he is asserting against Defendant. Therefore, Mr. Scott will be ordered to show cause why the complaint and the action should not be dismissed for lack of subject matter jurisdiction. In order to show cause, Mr. Scott must identify the statutory authority that allows him to raise his claim in this court in this action. Accordingly, it is

ORDERED that Mr. Scott show cause in writing **within thirty (30) days from the date of this order** why the complaint should not be dismissed for lack of subject matter jurisdiction. It is

2

FURTHER ORDERED that if Mr. Scott fails to show cause to the court's satisfaction within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Scott's motion for production of documents and motion for appointment of counsel filed on August 13, 2008, are denied as premature.

DATED September 25, 2008, at Denver, Colorado.

                        BY THE COURT:

                        s/ Boyd N. Boland
                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01712-BNB

Marquis A. Scott
Prisoner No. 104716
Bent County Correctional Facility
11560 Rd. FF75
Las Aminas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/25/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk